United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 26, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30392
Summary Calendar

FABIAN HARPER,

Plaintiff-Appellee,

versus

DOUG DOURRETTE, Etc.; ET AL.,

Defendants,

DOUG DOURRETTE, Assistant Warden; STERLING, Lieutenant
Colonial; RONNY CONSTANCE, Captain,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 03-CV-638
--------------------

Before REAVLEY, BARKSDALE and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Doug Dourrette, Lt. Col. Sterling, and Capt. Ronny Constance

appeal from the district court's summary judgment denial of

qualified immunity on inmate Fabian Harper's failure to protect

claim. We have jurisdiction to determine whether the defendants

are entitled to qualified immunity after accepting all of

Harper's factual allegations as true and to determine, as a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

matter of law, whether their conduct was objectively reasonable. See Colston v. Barnhart, 130 F.3d 96, 98-99 (5th Cir. 1997).

The appellants contend that Harper's failure to seek protection by means other than a verbal request provided them with insufficient facts from which to infer that there existed a significant risk of serious harm and, therefore, their inaction was objectively reasonable. However, for purposes of this appeal, Harper's factual allegation must be taken as true that as the result of his oral request for protection, the appellants possessed the requisite knowledge of a substantial risk of serious harm. See Farmer, 511 U.S. at 842. The pertinent question is therefore whether the appellants, possessing actual knowledge of a substantial risk to Harper's safety, responded reasonably to that risk. See id. at 844. The appellants have not made that showing; their own affidavits attest that an inmate who makes a verbal request for protection is not returned to his cell but is instead sent to Administrative Segregation until his request is reviewed by the Threat Review Board. They have therefore failed to show an entitlement to qualified immunity.

AFFIRMED.